# IN THE COURT OF APPEALS OF IOWA

No. 21-0456
Filed June 16, 2021

**IN THE INTEREST OF S.B.,**
**Minor Child,**

**A.M., Mother,**
    Appellant,

**J.B., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait, District Associate Judge.

A mother and father each challenge the juvenile court order terminating their parental rights to their daughter, who was under three years. **AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel of the Public Defender's Office, Council Bluffs, for appellant mother.

Whitney A. Estwick, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Dan McGinn, Council Bluffs, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

Finding their methamphetamine addictions continued to pose a danger to their young daughter, the juvenile court terminated the parental rights of Amanda and Joshua. Both parents appeal. Both challenge the statutory grounds for termination. Joshua also contends the court should have recognized his strong bond with S.B. as a reason not to terminate his parental rights. After an independent review of the record, we reach the same resolution as the juvenile court.[1] The State presented clear and convincing evidence S.B. could not be returned to the care of her parents. And Joshua did not show the closeness of their relationship would mean termination was detrimental to S.B.

**I. Facts and Prior Proceedings**

Just before her second birthday, the juvenile court ordered S.B.'s removal from the care of her parents. The Iowa Department of Human Services (DHS) sought to remove S.B. based on credible information that Amanda was using methamphetamine while caring for the child. Amanda's relatives also reported she would leave S.B. in their care for months on end. Following that same pattern, Amanda did not visit S.B. for ten months after the court adjudicated her as a child in need of assistance (CINA). And even after Amanda renewed contact with S.B. in November 2020, the mother tested positive for methamphetamine use.

A similar failure to address his addiction prevented Joshua from reuniting with S.B. He acknowledged not being fully honest with the therapist about his

---

[1] We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The juvenile court's factual findings do not bind our decision, but they deserve careful consideration. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021).

methamphetamine use when he obtained a substance-abuse evaluation. He also did not comply with drug testing, missing at least eight appointments in fall of 2020.

In December 2020, the State petitioned for termination of parental rights of Amanda and Joshua under Iowa Code section 232.116(1)(e), (h), and (*l*) (2020). The juvenile court approved termination on all three grounds for both parents. They now appeal.

## II. Analysis

### A. Statutory Grounds

Both Amanda and Joshua contest the State's three grounds for termination. *See* Iowa Code § 232.116(1)(e), (h), (*l*). If clear and convincing evidence supports any one of those grounds, we can affirm. *In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021). Proof is clear and convincing when we have no "serious or substantial doubts" as to the correctness of the legal conclusions drawn from it. *A.B.*, 957 N.W.2d at 293. We focus on paragraph (h). It allows termination of parental rights if the court determines that the State proved these elements:

> 1. The child is three years of age or younger.
> 2. The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> 3. The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> 4. There is clear and convincing evidence that the child cannot be returned to custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

Both Amanda and Joshua concede elements one through three. They dispute only element four: that S.B. could not be returned to their care without

risking the kind of harm that led to her adjudication as a CINA.[2]  Amanda notes that she successfully completed inpatient treatment for chemical dependency and was following through with after-care services.  Joshua asserts that he completed a substance-abuse evaluation and engaged in periodic drug testing.

Their arguments overlook that the readiness to resume parenting must coincide with the termination hearing.  *See W.M.*, 957 N.W.2d at 313.  Neither Amanda nor Joshua made enough progress in addressing their addictions to be safe caretakers for S.B. in January 2021.  Both tested positive for drugs while awaiting the hearing.  They refused drug tests and were dishonest about their substance use.  Their visitations remained fully supervised.  Amanda was staying at a transitional living program, where she could not have S.B.  Joshua did not have his own housing and lived with a friend.

Both blame the hardships posed by the COVID-19 pandemic for some of their inability to meet the juvenile court's expectations.  But the court declined to attribute the parents' lack of progress to the suspension of in-person visitation or other public health measures.  We agree the parents' own resistance to services prevented reunification.  True, Amanda appeared to be on the right track as of the termination hearing.  But she was early in her recovery, and her testimony revealed a concerning lack of appreciation of the risk her methamphetamine abuse posed to S.B.  We find clear and convincing evidence for termination under section 232.116(1)(h).

---

[2] Both parents mention a failure by the DHS to make reasonable efforts to reunite their family.  But neither expands on that point by explaining what services they requested and did not receive.  Without more, we decline to address their underdeveloped reasonable-efforts argument.

**B. Closeness of Relationship**

Even when the State proves a statutory ground under section 232.116(1), the court may decline to terminate based on one of the factors in section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). Those factors are permissive, not mandatory. *In re A.H.*, 905 N.W.2d 27, 42 (Iowa Ct. App. 2020). And the parent bears the burden of proving a factor applies. *Id.*

Joshua alleges he proved that termination of his parental rights would go against S.B.'s best interests. He notes the Family Centered Services worker reported that he interacted well with his daughter during visits (most of which were remote because of the pandemic), and she was "excited to video chat with her father." We agree the record shows a loving bond between Joshua and S.B. "Yet the existence of a bond is not enough." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). The law requires clear and convincing evidence that "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). Joshua did not meet that standard. S.B. had been out of parental care for a year, and he had not achieved the stability necessary for her return. The DHS social worker testified Joshua was "very unpredictable." She did not know if he was using methamphetamine at that time. In fact, Joshua did not personally appear for the termination hearing. On this record, we find no reason to forgo termination under section 232.116(3)(c).

**AFFIRMED ON BOTH APPEALS.**